IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**ANDREW JAMISON**                                                          **PETITIONER**

**v.**                                            **No. 3:20CV20-SA-JMV**

**RON KING**                              **RESPONDENT**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* petition of Andrew Jamison for a writ of *habeas corpus* under 28 U.S.C. § 2241. The State has moved to dismiss the petition for failure to state a claim upon which relief could be granted and for failure to exhaust state remedies. Mr. Jamison has responded to the motion, and the matter is ripe for resolution. For the reasons set forth below, the State's motion to dismiss will be granted, and the instant petition for a writ of *habeas corpus* will be dismissed for failure to state a constitutional claim.

*Habeas Corpus* **Relief Under 28 U.S.C. § 2254**

The writ of *habeas corpus*, a challenge to the legal authority under which a person may be detained, is ancient. Duker, The English Origins of the Writ of Habeas Corpus: A Peculiar Path to Fame, 53 N.Y.U.L.Rev. 983 (1978); Glass, Historical Aspects of Habeas Corpus, 9 St. John's L.Rev. 55 (1934). It is "perhaps the most important writ known to the constitutional law of England," *Secretary of State for Home Affairs v. O'Brien*, A.C. 603, 609 (1923), and it is equally significant in the United States. Article I, § 9, of the Constitution ensures that the right of the writ of *habeas corpus* shall not be suspended, except when, in the case of rebellion or invasion, public safety may require it. *Habeas Corpus*, 20 Fed. Prac. & Proc. Deskbook § 56. Its use by the federal courts was authorized in Section 14 of the Judiciary Act of 1789. *Habeas*

*corpus* principles developed over time in both English and American common law have since been codified:

> The statutory provisions on *habeas corpus* appear as sections 2241 to 2255 of the 1948 Judicial Code. The recodification of that year set out important procedural limitations and additional procedural changes were added in 1966. The scope of the writ, insofar as the statutory language is concerned, remained essentially the same, however, until 1996, when Congress enacted the Antiterrorism and Effective Death Penalty Act, placing severe restrictions on the issuance of the writ for state prisoners and setting out special, new *habeas corpus* procedures for capital cases. The changes made by the 1996 legislation are the end product of decades of debate about *habeas corpus*.

*Id*. Under 28 U.S.C. § 2254, a federal court may issue the writ when a person is held in violation of the *federal* Constitution or laws, permitting a federal court to order the discharge of any person held by a *state* in violation of the supreme law of the land. *Frank v. Mangum*, 237 U.S. 309, 311, 35 S. Ct. 582, 588, 59 L. Ed. 969 (1915).

**Facts and Procedural Posture**

On January 18, 2006, Andrew Jamison was sentenced in the Circuit Court of Desoto County, Mississippi, to serve terms of ten years for attempted robbery (with three to serve and seven on post-release supervision) and five years for possession of a stolen firearm, to be served consecutively to the attempted robbery sentence, for a total of eight years in the custody of the MDOC. Exhibit A[1] (Sentencing Order). The Sentencing Order reflects that, following his time in MDOC custody, Jamison was placed on post-release supervision for seven years, with various terms and conditions, including to "commit no offense against the laws of this or any state of the United States, or of the United States." *Id*. at 2.

---

[1] The exhibits referenced in the instant memorandum opinion may be found attached to the State's Motion to Dismiss.

Mr. Jamison's timesheet from his original sentence reflects that he was released on Earned Release Supervision (ERS) on July 19, 2010, then released on probation (or post-release supervision) on March 5, 2011. *See* Exhibit B (MDOC Inmate Timesheet). On December 4, 2012, however, he was arrested by federal authorities on a charge of felon in possession of a firearm. *See* Exhibit C. Mr. Jamison was convicted in the United States District Court for the Western District of Tennessee for felon in possession of ammunition and attempted robbery affecting commerce, and on April 8, 2014, sentenced to serve eighty-eight (88) months on each count, to be served concurrently. Exhibit D. The United States District Court further ordered that Jamison's federal sentence be served consecutively to his undischarged DeSoto County, Mississippi sentence. *Id*.

On August 9, 2013, after Mr. Jamison's arrest on federal charges, an Affidavit of Violation of Post Release Supervision, Violation of Probation Report Form, and a Warrant were filed in his criminal case in DeSoto County. *See* Exhibit E. He then filed numerous documents in his criminal case in DeSoto County, arguing, *inter alia*, that: 1) his DeSoto County sentence should run concurrently to his federal sentence; 2) he should receive credit for certain time served before and during his federal sentence; and 3) the circuit court should dismiss the warrant/detainer. *See* Exhibit F (Docket, DeSoto County Circuit Court Cause No. CR2005-0037SMD); *see also*, *generally*, State Court Record (SCR). The circuit court denied these requests, and Mr. Jamison attempted to appeal some of them. *Id.*

On August 13, 2019, following the completion of Jamison's federal sentence, the DeSoto County Circuit Court revoked his post-release supervision and ordered him to serve two years in the custody of the MDOC, with forty-one (41) days of credit for the jail time served while awaiting the revocation hearing. *See* Exhibit G (Order to Revoke Post Release Supervision/Suspended Sentence

and Hearing Transcript).

According to the docket in Mr. Jamison's DeSoto County criminal case, as well as the docket of the Mississippi Supreme Court, he did not appeal the revocation of his sentence. Instead, he filed multiple documents in the Mississippi Supreme Court, the last of which was styled as a post-conviction motion. *See* SCR, Cause No. 2016-M-449; *see also* Exhibit F. The Mississippi Supreme Court entered an order on May 14, 2020, dismissing Jamison's motion "without prejudice to be pursued in the trial court consistent with Mississippi Code Section 99-39-7." *See* Exhibit H.

In the instant petition for a writ of *habeas corpus*, Mr. Jamison argues that he has not received credit for the time he served while on Earned Release Supervision (ERS) or while on Post-Release Supervision (PRS). ECF doc. 1 at 3.[2] He argues that, as a result, he is "eligible for earned discharge credits, ERS credits" based on his original "flat-time sometime in 2020." *Id*. Jamison asserts that, because his tentative release date is now July 3, 2021, due to his revocation, "his sentence exceeds the maximum proscribed by law." *Id*. at 4.

In his request for relief, Jamison requests credit for "time from June 2005 to December 2005 7 months 238 days jail credit[,] ERS time five months from October 10, 2010 to March 5, 2011[,] a total of 12 months and whatever time if any for being on post-release supervision." *Id*. at 4. In his "Motion

---

[2] Mr. Jamison previously filed a federal petition for a writ of *habeas corpus*, setting forth two claims, one involving the State's detainer against him with the Federal Bureau of Prisons. Mr. Jamison argued that his State sentence should be served concurrently with his federal sentence and that the State did not complete the process of revoking his parole until after his State sentence/parole expired. *See Jamison v. Hood*, No. 3:18CV207-M-RP, 2018 WL 6204441 (N.D. Miss. Nov. 27, 2018), *appeal dismissed sub nom. Jamison v. Hall*, No. 18-60871, 2019 WL 2537925 (5th Cir. Apr. 26, 2019). In a November 27, 2018, Memorandum Opinion, this court found that, under Miss. Code Ann. § 99-19-21-(2), Mr. Jamison must serve his State sentence consecutive to his federal sentence. *Id*. at 3. In addition, the court found that Mr. Jamison was still serving his State sentence when he committed the federal crimes. *Id*. at *3-*4.

to Amend" (ECF doc. 4), which this court granted (ECF doc. 5), Mr. Jamison appears to argue that either: 1) he should have received credit for the time he served on his undischarged state sentence while in federal custody prior to his federal sentence, which he asserts is 14 months; or 2) he should receive 20 months credit towards his current revoked sentence, which means he "should be process[ed] and release[d] on time served."

### Credit for Time in Jail and on ERS

As an initial matter, Mr. Jamison has already received a credit of 238 days of pre-trial jail time on his original sentences. *See* Exhibits A, B. Further, he has also received credit on his original sentences for the time he served on ERS. *See* Exhibit B. Likewise, the Sentencing Order for Mr. Jamison's federal sentence, requires that his federal sentence be served consecutively to his undischarged DeSoto County sentence. *See* Exhibit D. As such, these requests for relief are without substantive merit and will be dismissed with prejudice.

### Earned-Discharge Credits

As to Jamison's request for earned-discharge credits regarding the time he served on PRS, the Mississippi statute regarding the earned-discharge program is found in House Bill 585, effective July 1, 2014. *See* Miss. Code Ann. § 47-7-40. Section 47-7-40(1) states, in part:

> (1) The *commissioner shall establish rules and regulations* for implementing the earned-discharge program that allows offenders on probation and parole to reduce the period of supervision *for complying with conditions of probation*. The *department shall have the authority* to award earned-discharge credits to all offenders placed on probation, parole, or post-release supervision *who are in compliance with the terms and conditions of supervision*.

(emphasis added). This statute grants the MDOC the authority to establish rules and regulations regarding the earned-discharge program and the authority to award an offender earned-discharge credits. The statute is not, however, mandatory, as it plainly states that "earned-discharge credits" *may*

- 5 -

*apply* to offenders who are in compliance with the terms and conditions of supervision. Moreover, Miss. Code Ann. § 47-7-37(1) states that "[t]he time served on probation or post-release supervision *may* be reduced pursuant to Section 47-7-40." (Emphasis added). While the *period of supervision may be reduced*, under Miss. Code Ann. § 47-7-37(1), "[n]o part of the time that one is on probation shall be considered as any part of the time that he shall be sentenced to serve." Miss. Code. Ann. § 47-7-37(7). Hence, Mr. Jamison is not entitled to "earned-discharge credits;" nor does he hold a liberty interest in receiving "earned-discharge credits" for the time he was on probation or post-release supervision. As such, his request for "earned-discharge credits" in the instant petition fails to state a claim upon which relief could be granted.

### Earned-Discharge Credit Decision Does Not Implicate Due Process

Further, as the award of earned-discharge credits is discretionary, that decision does not implicate the due process clause of the United States Constitution. To maintain a petition for *habeas corpus*, Andrew Jamison must be deprived of some right secured to him by the Constitution or the laws of the United States. *See* 28 U.S.C. § 2254(a); *see also Irving v. Thigpen*, 732 F.2d 1215, 1216 (5th Cir. 1984); *Trussell v. Estelle*, 699 F.2d 256, 259 (5th Cir. 1983). In the event that the petitioner has not alleged a deprivation of any such right, he has failed to state a claim for *habeas* relief, and his claim must be dismissed. *Irving*, 732 F.2d at 1216. In addition, "[a] petition for federal *habeas corpus* relief based on any argument that state courts are incorrectly applying their own law thus is not a basis for relief." *Wansley v. Mississippi Dept. of Corrections, et al.*, 769 F.3d 309, 312 (5th Cir. 2014) (citations omitted).

Mr. Jamison's allegations regarding "earned-discharge credits" do not rise to the level of a constitutional violation, as he has not shown that he has a protected liberty interest in them. He alleges

that his current sentence exceeds the maximum allowed by law because he has not been awarded "earned-discharge credits" for the time he was on probation or post-release supervision. *See generally*, ECF doc. 1. However, as set forth above, the decision regarding whether to award an offender "earned-discharge credits" is solely an issue of Mississippi law – a decision under the sole authority and discretion of MDOC. Therefore, Mr. Jamison has not alleged a deprivation of an interest protected by federal law. *See Grady v. Johnson*, No. 2:19CV40-KS-RHW, 2019 WL 7790390 (S.D. Miss. Oct. 30, 2019), *report and recommendation adopted,* 2020 WL 476373 (S.D. Miss. Jan. 29, 2020).

The earned-discharge statute operates much like Mississippi's parole statutes. Similar to the Mississippi parole statutes, the decision to award an inmate "earned-discharge credits" is discretionary. Miss. Code Ann. § 47-7-40 confers authority on the MDOC to establish rules and regulations regarding the earned-discharge credit program, as well as the authority to award credits to offenders who are in compliance with the rules and regulations of release. Like parole, the award of these credits is discretionary; hence, a prisoner has no constitutionally protected liberty interest in "earned-discharge credits." *See Grady*, *supra*; Miss. Code Ann. § 47-7-37; *see also, e.g., Wansley*, 769 F.3d 309 at 312 ("Parole, however, is discretionary in Mississippi, so prisoners in the state have no liberty interest in parole"); *Scales v. Mississippi State Parole Board*, 831 F.2d 565, 566 (5th Cir. 1987) ("In Mississippi, the absolute discretion conferred on the Parole Board affords a prisoner no constitutionally recognized liberty interest" in parole.).

Put simply, under Miss. Code Ann. § § 47-7-37 and 47-7-40, an award of "earned-discharge credits" in Mississippi is not a right, but an act of grace. Indeed, the discretion to award earned-discharge credits lies entirely with MDOC, which, for this purpose, is an entity independent from the

sentencing court. *See Monroe v. State*, 203 So. 3d 1140, 1143 n.1 (Miss. Ct. App. 2016) (noting that "earned discharge under [Miss. Code Ann. § 47-7-40] falls under the purview of the MDOC, not [the Mississippi Court of Appeals] or the trial court.")

As discussed above, to prevail on this issue, Mr. Jamison must show that he was deprived of a liberty interest protected by the Constitution or other federal law. The decision to award earned-discharge credits is not a liberty interest sufficient to trigger constitutional protections, as the earned-discharge credit statute is discretionary, providing only an *expectation* of receiving "earned-discharge credits." *Wansley*, 769 F.3d at 312; *see also Grady*, *supra*. Hence, MDOC's failure to award Jamison "earned-discharge credits" does not constitute a violation of due process, as "an expectation of receiving process is not, without more, a liberty interest protected by the Due Process Clause." *Wansley*, 769 F.3d at 312.

As the Fifth Circuit has concluded with regard to parole, which is also discretionary in Mississippi, "when a prisoner has no liberty interest in obtaining parole ... he cannot complain of the constitutionality of procedural devices attendant to parole decisions." *Id*. at 312-13 (alteration in original). The same is true for the award of earned-discharge credits. For these reasons, Mr. Jamison's argument regarding earned-discharge credits does not state a claim for violation of a constitutionally protected right – and thus fails to raise a valid claim for federal *habeas corpus* relief. As such, Mr. Jamison's claim regarding "earned-discharge credits" will be dismissed with prejudice for failure to state a claim upon which relief could be granted.

### Conclusion

For the reasons set forth above, the State's motion to dismiss will be granted, and the instant petition for a writ of *habeas corpus* will be dismissed with prejudice for failure to state a claim upon which relief could be granted. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 26th day of June, 2020.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE